# In the United States Court of Federal Claims

| | |
|---|---|
| WALID ABDULLAH MUHAMMAD a/k/a WALIYD A. MUHAMMAD,<br><br>*Plaintiff,*<br><br>v.<br><br>THE UNITED STATES,<br><br>*Defendant.* | No. 24-1020<br>(Filed: July 26, 2024) |

*Walid Abdullah Muhammad*, pro se, Frackville, PA.

**OPINION AND ORDER**

**LERNER,** *Judge.*

Plaintiff Walid Abdullah Muhammad, also known as Waliyd A. Muhammad, filed a pro se Complaint in this Court on July 1, 2024, and amended the Complaint on July 17, 2024. Compl., ECF No. 1; Am. Compl., ECF No. 5. The Amended Complaint, liberally construed, challenges a dismissal of an unrelated action in the U.S. District Court for the Middle District of Pennsylvania as a tort, a violation of his constitutional and statutory rights, and an interference with his property rights. Am. Compl. at 1, 3–4. Plaintiff seeks injunctive relief, declaratory relief, and $3,000,000 in damages. *Id.* Plaintiff also moved for leave to proceed In Forma Pauperis ("IFP"). Mot. for Leave to Proceed IFP, ECF No. 2; Am. Mot. for Leave to Proceed IFP ("IFP Mot."), ECF No. 6.

For the reasons below, this action is **DISMISSED without prejudice** because this Court lacks jurisdiction over Plaintiff's claims, and Plaintiff fails to state a claim for which relief can be granted. *See* 28 U.S.C. § 1491. In addition, Mr. Muhammad's request to proceed IFP is **DENIED**.

**I.  Background**

Plaintiff Walid A. Muhammad ("Plaintiff") is a convicted state prisoner incarcerated at State Correctional Institution Mahanoy in Frackville, Pennsylvania. Am. Compl. at 3; IFP Mot. at 2. He alleges that Judge Julia K. Munley of the U.S. District Court for the Middle District of Pennsylvania deprived him of his "constitution[al] or statutory rights" when she dismissed his action before her court for failure to state a claim and for lack of jurisdiction. Am. Compl. at 1, 3 (invoking the Constitution but failing to identify a specific provision); *see also id*. Ex. 1 at 2, ECF No. 5-1 (invoking the "[c]ivil action for deprivation of rights" under 42 U.S.C. § 1983). He also casts his suit as a tort "claim . . . pursuant to" the Federal Tort Claims Act ("FTCA"). Am. Compl. at 3 (citing FTCA provisions 28 U.S.C. § 1346 and § 2674 and purporting to list "the six

1

elements" of a valid FTCA claim).  In addition, Plaintiff vaguely alleges a violation of "the process for being entitled as legal beneficiary to property."  *Id.*  Other than referencing Judge Munley's dismissal, the Amended Complaint is devoid of factual allegations and consists of recitations of his legal claim, his requested relief, and the elements of the FTCA.  *Id.* at 1, 3.

## II.     Motion for In Forma Pauperis

As an incarcerated prisoner litigating in federal court, Mr. Muhammad must comply with the "three strikes" rule: "If a prisoner has filed three or more suits or appeals that were dismissed as frivolous, malicious, or failing to state a claim upon which relief may be granted," they are barred from proceeding IFP "unless [they are] 'under imminent danger of serious physical injury.'"  *Leaming v. United States*, 114 Fed. Cl. 201, 203 (2014) (quoting 28 U.S.C. § 1915(g)).  Mr. Muhammad has filed multiple cases in federal district courts, and at least seven were dismissed for failure to state a claim.  *See, e.g.*, *Muhammad v. Kane*, No. 3:24-cv-700, 2024 WL 1773361, at *3 (M.D. Pa. Apr. 24, 2024) (finding that because "six prior actions filed by [Mr. Muhammad] were dismissed for failure to state a claim . . . . [he] has accrued six (6) strikes for the purposes of 28 U.S.C. § 1915(g)," and dismissing for failure to state a claim).  Accordingly, Mr. Muhammad is three strikes barred and may only proceed IFP if he establishes the "imminent danger" exception applies.  *See* 28 U.S.C. § 1915(g).

To do so, a plaintiff's complaint must "seek to redress an imminent danger of serious physical injury and . . . this danger must be fairly traceable to a violation of law alleged in the complaint."  *Fourstar v. United States*, 950 F.3d 856, 859 (Fed. Cir. 2020).  Plaintiff must allege sufficient facts that a "court, informed by its judicial experience and common sense, could draw the reasonable inference that [Plaintiff] was under an existing danger at the time he filed his complaint."  *Id.*; *see also Sanders v. United States*, No. 21-2187, 2022 WL 880251, at *2 n.3 (Fed. Cl. Mar. 23, 2022) (finding "vague" allegations insufficient to qualify for imminent danger exception); *Matthews v. United States*, 72 Fed. Cl. 274, 278 (2006) (finding exception applied because plaintiff described specific acts of physical violence from particular individuals and explained how they were "a result of the alleged" violation his complaint sought to redress).

Plaintiff, invoking the exception, claims that he faces "imminent danger" from "Freemasonry Black Magic" and a "conspiring collusion." Am. Compl. Ex. 1 at 1 (citing 28 U.S.C. § 1915(g)).  He alleges a litany of ailments and legal wrongs that he claims are causing him "pain and suffering."  *Id.* (citing "narcolepsy," "intrusive force," and "deleterious defame libel calumny [sic]").  But he offers no facts about specific acts of physical violence—past or threatened—or their source.  *Id.*  The Court cannot draw the "reasonable inference that [Mr. Muhammad] was under an existing danger at the time he filed his [C]omplaint" from these vague and nonspecific allegations.  *Fourstar*, 950 F.3d at 859.  Nor does Plaintiff explain how these threats are "fairly traceable to" or "as a result of" Judge Munley's dismissal of his prior case or his deprivation of property rights—the "violation[s] of law alleged in the [C]omplaint."  *Id.*; *see also Sanders*, 2022 WL 880251, at *2 n.3 (denying imminent danger exception because plaintiff failed to demonstrate an "'adequate nexus between the claims . . . and the imminent danger he alleges'") (quoting *Fourstar*, 950 F.3d at 859).  Thus, Plaintiff does not satisfy § 1915(g)'s exception and cannot proceed IFP.

## III.    Subject-Matter Jurisdiction

The Tucker Act grants the Court of Federal Claims jurisdiction over "certain monetary claims against the United States."  *RadioShack Corp. v. United States*, 566 F.3d 1358, 1360 (Fed.

Cir. 2009) (citing 28 U.S.C. § 1491(a)(1)).  Since the Tucker Act does not create a substantive cause of action, Plaintiff must "identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc).  The Court has "an independent obligation to determine whether subject-matter jurisdiction exists," and may do so at any time. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).  Although courts must liberally construe pro se plaintiffs' filings, plaintiffs still bear the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *Curry v. United States*, 787 F. App'x 720, 722 (Fed. Cir. 2019) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)).  This court "must dismiss claims outside its subject matter jurisdiction." *Bishop v. United States*, 166 Fed. Cl. 742, 745 (2023).  Even when construed liberally, the instant Complaint fails to assert any basis for this Court's jurisdiction.

      First, this Court's jurisdiction is confined to "claims against the United States." *Walsh v. United States*, 250 F. App'x 310, 311 (Fed. Cir. 2007).  "The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials" like federal judges. *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997).  Thus, to the extent Mr. Muhammad's claim is against Judge Julia Munley, this Court lacks jurisdiction to hear it.  *See id*.

      Second, this Court lacks jurisdiction over Plaintiff's claims that Judge Munley's dismissal deprived him of rights because they either sound in tort or fail to identify a separate money-mandating source of law.  The Tucker Act expressly excludes jurisdiction over cases "sounding in tort."  28 U.S.C. § 1491(a).  Thus, this Court "lacks jurisdiction over [Mr. Muhammad's] claim under the Federal Tort Claims Act." *Robleto v. United States*, 634 F. App'x 306, 308 (Fed. Cir. 2015) (noting 28 U.S.C. § 1346(b) "excludes the Court of Federal Claims" from FTCA jurisdiction).  If Plaintiff's vague constitutional claim is construed to invoke Fifth Amendment due process, this Court also lacks jurisdiction because the "Due Process Clauses . . . do not mandate payment of money by the government." *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995).  Additionally, the Court "does not have subject matter jurisdiction over actions arising under sections of the Civil Rights Acts, including 42 U.S.C. § 1983." *Jefferson v. United States*, 104 Fed. Cl. 81, 89 (2012).  And to the extent that Plaintiff requests review of Judge Munley's actions, the Court of Federal Claims cannot "review the decisions of federal district courts." *Straw v. United States*, 4 F.4th 1358, 1361 (Fed. Cir. 2021).

      Finally, the Takings Clause of the Fifth Amendment is money-mandating, so this Court does have jurisdiction over claims for just compensation when the government takes private property for public use. *Pellegrini v. United States*, 132 Fed. Cl. 64, 70 (2017).  But a plaintiff is only entitled to compensation under the Takings Clause when they have "a valid property interest at the time of the taking[.]" *Wyatt v. United States*, 271 F.3d 1090, 1096 (Fed. Cir. 2001).  Allegations of "general and conclusory statements" with "no factual allegation or substantiating information" are insufficient to establish a valid takings claim. *Parker v. United States*, 93 Fed. Cl. 159, 163 (2010), *aff'd*, 401 F. App'x 531 (Fed. Cir. 2010).

      Plaintiff's vague suggestion of an interference with a property right does not state a valid takings claim. *Id*.  The Amended Complaint fails to identify a specific, cognizable property interest of which Plaintiff was deprived. *See Wyatt*, 271 F.3d at 1096.  And even if Mr. Muhammad had done so, his complaint contains "no factual allegation or substantiating information as to what actions were taken by a federal official that resulted in the alleged taking of [his] property." *Parker*, 93 Fed. Cl. at 163.  Nor does he "concede the lawfulness" of the

Government's actions that resulted in the taking, a required element of a valid claim. *Crocker v. United States*, 37 Fed. Cl. 191, 195 (1997). Because Mr. Muhammad's Amended Complaint identifies no other basis for this Court's jurisdiction, the Court must dismiss his claims. *Bishop*, 166 Fed. Cl. at 745; *see also* Rule 12(h)(3) of the Rules of the Court of Federal Claims.

### IV. Conclusion

For the reasons explained above, Plaintiff's Motion to Proceed in Forma Pauperis is **DENIED**, and the case is **DISMISSED without prejudice**. The Court directs the Clerk of the Court to enter judgment accordingly.

**IT IS SO ORDERED.**

                                       s/ Carolyn N. Lerner
                                       CAROLYN N. LERNER
                                       Judge